United States District Court
Southern District of Texas
**ENTERED**
February 23, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH HAWKINS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-2194 |
| | § | |
| I.C. SYSTEM, INC., *et al.,* | § | |
| *Defendants.* | § | |

### JUDGE PALERMO'S
### ORDER AND REPORT & RECOMMENDATION[1]

Before the Court is Defendant I.C. System's Motion to Dismiss, ECF No. 4.

*Pro se* Plaintiff Kenneth Hawkins alleges that Defendant I.C. System, Inc. violated

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by using

prohibited practices while attempting to collect on a debt. First Am. Compl., ECF

No. 3. He also brings state law claims for violation of the Texas Deceptive Trade

Practices Act ("DTPA"), Tex. Fin. Code Ann. § 392.001, intentional infliction of

emotional distress ("emotional distress"), and "willful negligence." *Id.* Defendant

argues all of Plaintiff's claims should be dismissed because he failed to plead

essential elements of an FDCPA claim, did not allege sufficient conduct to support

an emotional distress claim, did not establish DTPA consumer status, and failed to

---

[1] The district judge to whom this case is assigned referred the case to this Court pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 5. A motion to dismiss is appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

plead negligence elements. ECF No. 4 ¶¶ 7–13. Having reviewed the briefing[2] and the applicable law, the Defendant's motion to dismiss should be granted in part. Plaintiff is granted leave to amend his complaint in part.

## I.    BACKGROUND

These facts are based on the allegations in the amended complaint.[3] On or around February 20, 2025, Plaintiff received a collection letter from Defendant for a debt he allegedly owed to AT&T Mobility, demanding $17,141.59 and offering a settlement amount of $12,856.19. ECF No. 3 ¶ 8. The letter lacked details, such as complete notice of Plaintiff's rights under the FDCPA, as well as the debt's age and enforceability under any applicable statute of limitations. *Id.* ¶ 9. After Plaintiff sent a cease-and-desist letter to Defendant, as well as a dispute notice, Defendant informed Plaintiff that it had returned the debt to AT&T Mobility. *Id.* ¶ 10.

Plaintiff sued Defendant in Texas state court in April 2025, bringing claims for FDCPA violations, fraudulent representation and procurement, DTPA violations, emotional distress, and willful negligence. ECF No. 1-4 at 2–6.[4] He then amended

---

[2] Plaintiff filed a response, ECF No. 8. Defendant filed a reply in support, ECF No. 9. Plaintiff was given retroactive permission to file a sur-reply. Order, ECF No. 16; Sur-Reply, ECF No. 10.

[3] All well pleaded facts are taken as true, and the complaint is construed in the light most favorable to the Plaintiff. *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 419 (S.D. Tex. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)).

[4] He also brought a surety bondholder liability claim under Texas law against the since-dismissed defendant Savvy Logic Systems LLC #1. ECF No. 1-4 at 2–6. Plaintiff retained that claim in his amended petition, ECF No. 1-4 at 13–16, and in the operative amended complaint, ECF No. 3

his petition: (1) retaining his FDCPA, DTPA, emotional distress, and willful negligence claims (2) modifying his fraudulent representation and procurement claim to a claim for fraudulent procurement of federal obligation; and (3) adding a claim for unauthorized collection of a debt in violation of Texas law. *Id.* at 13–16.

Defendant timely removed the case based on federal question jurisdiction over Plaintiff's FDCPA claim and asked the Court to exercise supplemental jurisdiction over Plaintiff's state law claims. ECF No. 1 ¶ 3. Plaintiff then filed the operative amended complaint, retaining only his FDCPA, DTPA, emotional distress, and willful negligence claims. ECF No. 3 ¶¶ 14–21.

Defendant now seeks to dismiss the operative complaint. ECF No. 4.

## II.    LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and rarely granted." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *ADR Int'l Ltd.*, 667 F. Supp. 3d at 419 (quoting *Iqbal*, 556 U.S. at 677–78).

---

¶¶ 22–23. He has since voluntarily dismissed Savvy Logic Systems LLC #1 and withdrawn the claim he brought against it. ECF Nos. 12–13.

"The complaint must include more than mere 'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) "A complaint must 'contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face."'" *Id.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). A claim is plausible "when the pleaded factual contents allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Id.* (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555))).

"The ultimate question 'is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.'" *Id.* (quoting *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 590 (S.D. Tex. 2012)). "[I]n considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true." *Id.* (internal citation omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise

well-pleaded." *Id.* (quoting *Farshchi v. Wells Fargo Bank, N.A.*, Civ. Action No. H-15-1692, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (citing *Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009))).

In deciding a Rule 12(b)(6) motion, courts are limited to considering the complaint—or a state court petition in a removed case—as well as documents attached to a Rule 12(b)(6) motion that are both referred to in the complaint and central to the plaintiff's claim. *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Courts may also rely on evidence that is "subject to judicial notice under Federal Rule of Evidence 201." *Id.*

"It is well recognized that 'a *pro se* plaintiff's pleadings are liberally construed.'" *Harvey v. Sullivan*, No. 3:22-CV-337, 2022 WL 17405834, at *2 (S.D. Tex. Dec. 2, 2022) (quoting *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that courts must hold a *pro se* complaint's allegations "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the establish rules that courts construe *pro se* plaintiffs' "allegations and briefs more permissively").

## III. DEFENDANT'S MOTION TO DISMISS SHOULD BE PARTIALLY GRANTED.

Defendant argues that dismissal is warranted because "Plaintiff has failed to state a claim for relief upon which relief can be granted." ECF No. 4 ¶ 4. It claims

5

Plaintiff has failed to plead essential elements of his FDCPA claim, *id.* ¶ 7, as well as of any of his state law claims, *id.* ¶ 8.

### A.    Plaintiff Fails To Plausibly Plead An FDCPA Claim.

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692g(a), 1692e(10)–(11), and 1692d. ECF No. 3 ¶ 14. He claims "[t]hese actions were intentional, reckless, and caused Plaintiff emotional and financial harm." *Id.* ¶ 15. His pleading only identifies the specific statutory provisions. *Id.* ¶ 14. Defendant argues dismissal is warranted because Plaintiff failed to plead essential FDCPA elements, "including consumer status of the debt and other required elements, such as the manner by which [Defendant] violated the cited provisions of the FDCPA" because "Plaintiff's claims do not clearly set forth the alleged violations of the FDCPA at issue." ECF No. 4 ¶ 7.

A plaintiff accusing a debt collector of FDCPA violations must show: (1) the plaintiff is the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited under the FDCPA. *Clark v. City of Pasadena*, No. 4:23-CV-04050, 2024 WL 4354819, at *6 (S.D. Tex. Sept. 30, 2024), *aff'd*, No. 24-20447, 2025 WL 3076229 (5th Cir. Nov. 4, 2025). Courts apply an "unsophisticated" or "least sophisticated" consumer standard in determining whether debt collectors have violated the FDCPA. *Hoestenbach v. AFNI, Inc.*,

No. 1:20-CV-818-LY, 2021 WL 2909144, at *3 (W.D. Tex. Feb. 26, 2021), *adopted*, No. 1:20-CV-818-LY, 2021 WL 2878554 (W.D. Tex. Mar. 3, 2021) (quoting *Mahmoud v. De Moss Owners Ass'n*, 865 F.3d 322, 330 (5th Cir. 2017)).

> 1.    *Plaintiff fails to allege the debt arises from a consumer transaction.*

A consumer debt is "any obligation or alleged obligation of [any natural person obligated or allegedly obligated] to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. §§ 1692a(3), (5). "A plaintiff fails to establish an FDCPA claim when he alleges, without any accompanying factual content, simply a recitation of § 1692a(5)." *Tarazon v. LTD Fin. Servs., L.P.*, No. 7:18-CV-60, 2019 WL 13258507, at *3 (S.D. Tex. Jan. 31, 2019). Merely referencing the original creditor and stating a belief that the debt arises "from 'transactions primarily for personal, family, or household purposes'" is also insufficient to state an FDCPA claim. *Id.*; *see also Gardner v. Credit Corp Sols., Inc.*, No. 4:24-CV-00296-O-BP, 2024 WL 4820229, at *3 (N.D. Tex. Oct. 30, 2024) (finding that a "lack of factual allegations showing a consumer transaction is fatal" to the plaintiff's FDCPA claim and recommending the claim be dismissed) (citing *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014) (citing 15 U.S.C. § 1692a(5))), *adopted*, No. 4:24-CV-00296-O-BP, 2024 WL 4821474 (N.D. Tex. Nov. 18, 2024).

Defendant argues that Plaintiff has failed to plead the consumer status of the debt. ECF No. 4 ¶ 7. In response, Plaintiff states he "alleges that the debt originated from AT&T Mobility, clearly implicating personal consumer services (not commercial)," which he frames as "satisf[ying] the FDCPA's threshold requirement that the debt must be for personal, family, or household purposes." ECF No. 8 at 2. Defendant replies that "[a] statement in response to [Defendant]'s [m]otion to dismiss, regarding what the debt allegedly was incurred for, is not an allegation in a complaint sufficient enough to set forth a valid FDCPA claim." ECF No. 9 ¶ 3.[5]

Plaintiff's amended complaint states, in relevant part, that "[o]n February 20, 2025, Plaintiff received a collection letter from [Defendant] regarding an alleged debt purportedly owed to AT&T Mobility," and notes that after issuing a dispute notice, Defendant "stated the account had been returned to AT&T." ECF No. 3 ¶¶ 8, 10. He makes no other reference to AT&T or the character of the debt in his complaint, nor does he elaborate on the underlying transaction giving rise to the debt.

In *Tarazon*, a court in this district dismissed the plaintiff's FDCPA claim for failing to state a claim even where the plaintiff's original pleading specifically discussed the consumer nature of the underlying debt. 2019 WL 13258507, at *3.

---

[5] Plaintiff's briefing in response to the instant motion offer additional facts, which the Court cannot consider because they are beyond the confines of the "four corners of the complaint." *See* ECF Nos. 8 at 2; 10 at 2; *North v. Merscorp Holdings, Inc.*, No. CIVIL ACTION H-24-4236, 2025 WL 1634081 (S.D. Tex. Apr. 4, 2025) ("the court is constrained to the 'four corners of the complaint' to determine whether the plaintiff has stated a claim") (quoting *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011)), *adopted*, No. CV H-24-4236, 2025 WL 1635703 (S.D. Tex. June 6, 2025).

There, the plaintiff received a debt collection letter from the defendant debt collector, which allegedly violated the FDCPA. *Id.* at *1. The letter named Home Depot as the original creditor. *Id.* The plaintiff's amended complaint inferred from the original letter that the debt in question was "alleged to have arisen from a consumer store credit card . . . [issued to purchase] goods sold at Home Depot retail store." *Id.* It further alleged "that the debt arises from 'transactions *primarily* for personal, family, or household purposes.'" *Id.* at *3 (emphasis in original). The court found this deficient for two reasons. First, it gave the court "no factual basis on which to rely" to find that the debt arose from a consumer transaction. *Id.* Second, the court concluded that this left open "the possibility of the transaction being business in nature" and thus defeated any consumer status of the debt. *Id.* Based on these shortcomings, the court found that the plaintiff "insufficiently ple[d] facts plausible to state an FDCPA claim" and dismissed it. *Id.* at *3–4.

Here, Plaintiff pleads only that the debt is purportedly owed to AT&T Mobility. ECF No. 3 ¶ 8. Unlike in *Tarazon*, he does not discuss the nature of the underlying debt or transactions. As pled, his complaint is insufficient because it offers no facts for the Court to rely on to conclude the debt is consumer debt. *Garcia*, 569 F. App'x at 276; *Tarazon*, 2019 WL 13258507, at *3; *Gardner*, 2024 WL 4820229, at *3.

Thus, Defendant's motion should be **granted** and Plaintiff's FDCPA claim

should be dismissed.

> 2. *Plaintiff partially failed to plead defendant engaged in an act or omission prohibited under the FDCPA.*

Defendant also argues dismissal of Plaintiff's FDCPA claim is warranted because "Plaintiff has failed to plead the essential elements of an FDCPA claim, including . . . the manner by which [Defendant] violated the cited provisions of the FDCPA." ECF No. 4 ¶ 7. The Court interprets this as a reference to the third element of an FDCPA claim: the defendant engaged in an act or omission prohibited under the FDCPA. *Clark*, 2024 WL 4354819, at *6 (identifying the elements of an FDCPA claim). Plaintiff responded that he pled violations of 15 U.S.C. §§ 1692g(a), 1692e(10)–(11), and 1692d in paragraphs eight through eleven of the operative complaint. ECF No. 8 at 1–2.

> a. Plaintiff sufficiently pleads a § 1692g(a) claim.

Section 1692g(a) requires debt collectors to send the consumer a written notice "[w]ithin five days of the initial communication with that consumer." Because "days" is undefined, the Court looks to Federal Rule of Civil Procedure 6. FED. R. CIV. P. 6(a) ("The following rules apply in computing any time period specified . . . in any statute that does not specify a method of computing time."). For a period stated in days, the Court must "count every day, including intermediate Saturdays, Sundays, and legal holidays," and where the last day of the period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the

next day that is not a Saturday, Sunday, or legal holiday." *Id.* The notice must

contain:

> (1)    the amount of the debt;
> (2)    the name of the creditor to whom the debt is owed;
> (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector
> (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). If that information is contained within the original

communication with the consumer, an additional notice is not required. *Id.*

Plaintiff pleads a "fail[ure] to include complete notice of Plaintiff's rights"

under § 1692g(a), specifically noting Defendant's failure to do so within the

statutorily required five days. ECF No. 3 ¶¶ 8, 14. In giving the operative complaint

liberal construction, Plaintiff asserts that he never received the applicable notice with

the above five required items.[6] He specifically highlights a failure to provide that

---

[6] The deficiencies identified in his operative complaint—lack of complete notice of Plaintiff's rights under the FDCPA, as well as of the debt's age and enforceability under any applicable statute of limitations—are only partially relevant here, because the FDCPA rights he refers to are described in § 1692g(a), but the debt's age is not relevant here. ECF No. 3 ¶ 9.

notice within five days, as the FDCPA requires. *Id.* ¶ 14; 15 U.S.C. § 1692g(a). Plaintiff received the initial letter on February 20, 2025. ECF No. 3 ¶ 8. So the notice must have been sent by February 25, 2025. 15 U.S.C. § 1692g(a); FED. R. CIV. P. 6(a)(1). Insofar as Plaintiff means he did not receive the notice at all, this is sufficient to plausibly allege a violation of 15 U.S.C. § 1692g(a). *Le v. Midland Credit Mgmt., Inc.*, No. 1:25-CV-00870-ADA-SH, 2025 WL 4060085, at *3 (W.D. Tex. Nov. 10, 2025) (finding that a plaintiff's pleading that he received no written notice after the debt collector's initial communication with him was sufficient for purposes of a Rule 12(b)(6) motion to dismiss) (citing *Koesler v. Beneficial Fin. I, Inc.*, 267 F. Supp. 3d 873, 884 (W.D. Tex. 2016)), *adopted*, No. 1:25-CV-00870-ADA-SH, 2026 WL 130798 (W.D. Tex. Jan. 14, 2026).

Plaintiff pled sufficient facts that plausibly allege a violation of § 1692g(a) because he pled that the initial letter did not contain the five items enumerated in § 1692g(a), and that he never received a separate notice supplying the missing information. *Id.* ¶¶ 9, 14. Defendant's motion should be denied as to this allegation.

b.      Plaintiff pleads a § 1692e(10) claim.

Next, § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In his complaint, Plaintiff states that Defendant violated this section by

using deceptive means. ECF No. 3 ¶ 14.[7] Liberally construing the complaint, it appears that Plaintiff's claim rests on the fact that the letter "gave no indication whether [the debt] was enforceable under the statute of limitations." ECF No. 3 ¶ 9. The Court bases this on the fact that his complaint alleges the "[u]se of deceptive means to collect a debt" where the only conduct identified as deceptive was allegedly making "false and misleading representations regarding debt enforceability," while the only explanation as to debt enforceability being at issue relates to "whether [the debt] was enforceable under the statute of limitations." *Id.* at 1, ¶¶ 14, 16.

Collection letters seeking payment on a time-barred debt without disclosing its enforceability under the statute of limitations while also offering a "settlement" of that debt can be sufficiently deceptive or misleading such that they violate § 1692e(10). *Christie v. Contract Callers, Inc.*, No. 4:20-CV-00518-P, 2021 WL 689548, at *3–4 (N.D. Tex. Feb. 23, 2021) (quoting *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Manuel v. Merchants & Prof'l Bureau, Inc.*, 956 F.3d 822, 831–32 (5th Cir. 2020)). Plaintiff has plausibly alleged Defendant violated § 1692e(10) by simultaneously offering a settlement and failing to indicate the debt's judicial enforceability. *Id.* Defendant's motion should be denied as to this allegation.

---

[7] Plaintiff's response offers minimal additional clarity, noting only that the purported "settlement" language was deceptive because it implied legal obligation. ECF No. 8 at 2. And his sur-reply fares little better, not even addressing this subsection of the statute. *See* ECF No. 10.

c.    Plaintiff pleads a § 1692e(11) claim.

Section 1692e(11) violations "include failure of a debt collector to disclose in the 'initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.'" *Thompson v. Capital Link Mgmt. LLC*, No. 4:21-CV-03130, 2023 WL 8358008, at *2 (S.D. Tex. Nov. 30, 2023) (quoting 15 U.S.C. § 1692e(11)). Plaintiff's complaint alleges that he "received a collection letter from [Defendant] regarding an alleged debt purportedly owed to AT&T Mobility," and also states that the notice "[f]ail[ed] to disclose that the communication was from a debt collector." ECF No. 3 ¶¶ 8, 14. Taking these allegations as true and applying the requisite "unsophisticated" or "least sophisticated" consumer standard, the Court finds that Plaintiff has plausibly alleged that Defendant violated § 1692e(11). *Hoestenbach*, 2021 WL 2909144, at *3; *see Thompson*, 2023 WL 8358008, at *2–3 (granting default judgment because the plaintiff's allegations of the defendant's failure "to inform [plaintiff] that the communication was from a debt collector" in its initial communication informing the plaintiff that a specific loan had been transferred to the defendant "for collections" and instructing the plaintiff to call to discuss new credit repair programs, when taken as true, were sufficient to support a well-pled FDCPA violation claim).

14

Defendant's motion should be denied as to this allegation.

> d.  Plaintiff failed to plead a § 1692d claim.

Finally, § 1692d prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Beyond the specific actions identified in the section,[8] "[t]he Fifth Circuit has not addressed § 1692d and determined what is 'conduct the natural consequence of which is to harass, oppress, or abuse'" in a general sense. Instead, courts rely on cases interpreting § 1692d(5) to determine whether conduct outside of the statute's enumerated acts are sufficiently harassing, oppressive, or abusive. *Vazzano v. Receivable Mgmt. Servs., LLC*, No. 3:21-CV-0825-D, 2021 WL 3742618, at *3–4 (N.D. Tex. Aug. 24, 2021) (quoting *Baye v. Midland Credit Mgmt., Inc.*, 2017 WL 4918998, at *6 (E.D. La. Oct. 31, 2017)). Section 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C.

---

[8] Those acts are the (1) "use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person"; (2) "use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader"; (3) "the publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title"; (4) "advertisement for sale of any debt to coerce payment of the debt"; (5) causing of "a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number"; and (6) "placement of telephone calls without meaningful disclosure of the caller's identity" except "as provided in section 1692b of this title." 15 U.S.C. § 1692d.

§ 1692d(5).  In *Vazzano*, the court reasoned that due to the nature of phone calls, "if conduct engaged in by phone does not violate § 1692d, corresponding conduct carried out by letter would not either," finding that phone calls are often "more intrusive, harassing, and abusive than letters." 2021 WL 3742618, at *4. It ultimately concluded that courts "found violations of sections 1692d and 1692(d) only when there were multiple harassing calls or letters combined with other objectionable conduct." *Id.* at *5. It then concluded that dismissal was appropriate where the plaintiff alleged only "that the sending of one communication" was harassing conduct and failed to "plead additional objectional conduct." *Id.* ("[Debt collector's] one letter, unaccompanied by other objectionable conduct, is insufficient to state a plausible claim for relief under § 1692d.").

Here, Plaintiff alleges only that Defendant violated § 1692d by engaging in "[c]onduct reasonably expected to harass or oppress." ECF No. 3 ¶ 14. He does not specifically identify what conduct he contends violated § 1692d. *See id.* ¶¶ 8–15. Giving the complaint liberal construction, Plaintiff's complaint is that the act of sending the collection notice itself was in violation of § 1692d—it appears that his injuries resulted from having received the letter. For example, he states that "the damage from the original letter had already been done," inducing "immediate anxiety" because of "[t]he misleading nature of the communication, combined with the omission of federally mandated disclosures." *Id.* ¶ 11. As in *Vazzano*, there was

16

one contact—a letter—and no other conduct that could be construed as objectionable. 2021 WL 3742618, at *5. Like *Vazzano*, Plaintiff has failed to plausibly allege a violation of § 1692d because he pled one contact without any other objectionable conduct. *Id.* Defendant's motion to dismiss Plaintiff's FDCPA claim under § 1692d should be granted.

### B.    Plaintiff Fails To Plausibly Allege Required Elements Of His State Law Claims.

In addition to his FDCPA claim, Plaintiff brings claims for DTPA violations, emotional distress, and negligence. ECF No. 3 ¶¶ 16–21. Defendant argues dismissal is appropriate because Plaintiff failed to "plead the essential elements of any of these claims." ECF No. 4 ¶ 8.

#### 1.    *Plaintiff does not plausibly allege consumer status for DTPA purposes.*

Plaintiff brings a claim under the DTPA. ECF No. 3 ¶¶ 16–17. He specifically alleges that "Defendant made false and misleading representations regarding debt enforceability and failed to disclose material facts," and because Plaintiff "relied on these omissions to his detriment," he "qualifies for treble damages." *Id.* Defendant asserts that Plaintiff does not have standing under the DTPA because Plaintiff has not alleged that he was a consumer. ECF No. 4 ¶¶ 10–11.[9]

---

[9] Plaintiff's response notes that "claims under the Texas Debt Collection Act (Tex. Fin. Code Ch. 392) may be brought under the DTPA 'tie-in' statute, so long as the plaintiff seeks relief for violations related to debt collection—even if the defendant is not a traditional goods/services provider." ECF No. 8 at 3 (citing *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009

The DTPA provides a private cause of action for consumers harmed by deceptive trade practices. Tex. Bus. & Com. Code § 17.50. "Consumer" refers to "an individual . . . who seeks or acquires by purchase or lease, any goods or services." *Id.* § 17.45(4). A DTPA claimant must show they are a "consumer," regardless of whether they bring a pure DTPA claim or a "tie-in" claim. *Id.* § 17.50(h); *Burch v. JPMorgan Chase Bank, N.A.*, No. 3:19-CV-0645-N-BH, 2019 WL 4919018, at *9 (N.D. Tex. Sept. 3, 2019) (applying Texas law and finding that a DTPA plaintiff must establish consumer status even for a tie-in claim) (citing *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 WL 3789830, at *12 (N.D. Tex. July 22, 2013), *aff'd sub nom. Garcia v. Jenkins Babb*, L.L.P., 569 F. App'x 274 (5th Cir. 2014); *Cushman v. GC Servs., L.P.*, 397 F. App'x 24, 28 (5th Cir. 2010) (per curiam) (applying Texas law)), *adopted*, No. 3:19-CV-0645-N-BH, 2019 WL 4918100 (N.D. Tex. Oct. 4, 2019).

Plaintiff has not alleged his consumer status because he never alleged having sought or acquired goods or services directly from Defendant. ECF No. 4 ¶ 11. The only interactions he alleges having with Defendant are the initial letter about the debt, and Defendant's response to Plaintiff's cease-and-desist and dispute notice. *Id.* ¶¶ 8, 10. But the goods or services at issue are alleged to come from AT&T Mobility,

---

WL 2264996 (Tex. App. July 29, 2009)). But Plaintiff has not raised any claims under the Texas Debt Collection Act, so even if that statement were true, it is inapplicable here.

not Defendant. *Id.* ¶ 8. Without establishing his consumer status, he cannot bring a DTPA claim, alone or under the "tie-in" provision. *See Burch*, 2019 WL 4919018, at *9 (dismissing a DTPA tie-in claim because, among other reasons, the plaintiff failed to demonstrate his consumer status).

Because Plaintiff failed to allege his consumer status, Defendant's motion as to Plaintiff's DTPA claim should be granted.

### 2. *Plaintiff does not allege sufficient facts to support an emotional distress claim.*

Plaintiff's also claims emotional distress. ECF No. 3 ¶¶ 18–19. The entirety of his claim is to allege that "Defendant's conduct—initiated collection with deceptive notices and failing to validate the debt—was extreme, outrageous, and done with reckless disregard of Plaintiff's rights," and that it caused him "elevated anxiety, loss of sleep, and interference with his personal and professional responsibilities." *Id.* Defendant argues that Plaintiff fails to plead any conduct rising to the required level of "extreme and outrageous" to support an emotional distress claim. ECF No. 4 ¶ 9.

To state an emotional distress claim, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Gonzales v. Gonzales*, 704 S.W.3d 54, 67 (Tex. App.—Austin 2024, no pet.) (quoting *Hersh v. Tatum*, 526 S.W.3d 462, 468

(Tex. 2017)). To be "extreme and outrageous," conduct must "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id.* (internal quotations omitted). The conduct must be more than rude, insulting, annoying, overbearing, or meddlesome. *Id.* (quoting *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006); *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817–18 (Tex. 2005)).

Successful emotional distress claims are rare because most acts do not rise to the required degree. *Id.* (quoting *Kroger Tex.*, 216 S.W3d at 796); *see also Havens v. Sheriff's Dep't of Aransas Cnty.*, No. 2:24-CV-00283, 2025 WL 2984608, at *19 (S.D. Tex. May 27, 2025) (noting that successful emotional distress claims are rare except where the facts border "on serious criminal acts"), *adopted,* No. 2:24-CV-00283, 2025 WL 2960029 (S.D. Tex. Oct. 17, 2025). In Texas, they are also rare because a plaintiff bringing an emotional distress claim must show "there is no alternative cause of action available to redress the alleged misconduct." *Williams v. Republic Serv.*, No. 4:25-CV-00422, 2025 WL 2393363, at *12 (S.D. Tex. July 23, 2025) (quoting *Stelly v. Duriso*, 982 F.3d 403, 407–08 (5th Cir. 2020)), *adopted sub nom. Williams v. Republic Servs.*, No. CV 4-25-422, 2025 WL 2391767 (S.D. Tex. Aug. 18, 2025). "'Where the gravamen of a plaintiff's complaint is really another [claim],'" emotional distress is unavailable, even where that other claim proves unsuccessful. *Gongora Hinestroza v. United States*, No. 1:25-CV-061, 2025 WL

1588349, at *9 (S.D. Tex. June 4, 2025) (quoting *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)).

Plaintiff's response highlights the first defect with his emotional distress pleading: it is merely a formulaic recitation of the elements by way of conclusions, insufficient to survive a Rule 12(b)(6) motion. ECF No. 8 at 2–3; *ADR Int'l Ltd.*, 667 F. Supp. 3d at 419. Moreover, the gravamen of his complaint against Defendant—"initiating collection with deceptive notices and failing to validate the debt"—is fatally based on the same factual allegations supporting his other causes of action. That those claims fail for want of pleading does not mean he can bring an emotional distress claim instead. *See Gongora Hinestroza*, 2025 WL 1588349, at *9–10, 13 (dismissing with prejudice a plaintiff's claim for emotional distress because the plaintiff "offer[ed] no factual allegation supporting his [emotional distress] claim independent from those supporting his causes of action for negligence, false imprisonment, or assault" and therefore did "not present a viable [emotional distress] claim under Texas law") (citing *Miller v. Target Corp.*, 854 F. App'x 567, 569 (5th Cir. 2021); *Tubbs v. Nicol*, 675 F. App'x 437, 439 (5th Cir. 2017))). The gravamen of Plaintiff's complaint is another claim—FDCPA violations—so emotional distress is not available, even if those other claims are ultimately unsuccessful. *Id.* at *9 ("courts have precluded an [emotional distress] claim when the plaintiff's allegations sounded in other torts, even if those other

21

claims proved unsuccessful").

Therefore, Defendant's motion should be granted as to Plaintiff's emotional distress claim.

>    3.    *Plaintiff does not demonstrate a duty owed to him for negligence.*

Plaintiff also alleges a claim for "willful negligence." ECF No. 3 ¶¶ 20–21. The Court construes this as a claim for gross negligence. Texas only recognizes "willful" or "gross" negligence for awarding exemplary damages, not as a separate cause of action. *See* Tex. Civ. Prac. & Rem. Code § 41.003(a)(3); *Castro v. Wal-Mart Real Est. Bus. Tr.*, 645 F. Supp. 3d 638, 650 (W.D. Tex. 2022) (citing *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012)).

Recovery on gross negligence requires first showing ordinary negligence. *Castro*, 645 F. Supp. 3d at 652 (collecting cases). Ordinary negligence "requires showing that a legal duty is owed to a plaintiff, breach of that duty, and that damages were proximately caused by that breach." *Good River Farms, L.P. v. TXI Operations, L.P.*, 100 F.4th 545, 554 (5th Cir. 2024) (citing *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009)). "A threshold legal requirement for negligence liability is that the defendant owes the plaintiff a duty." *Massage Heights Franchising, LLC v. Hagman*, 712 S.W.3d 615, 620 (Tex. 2025) (citing *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)).

The entirety of Plaintiff's negligence allegation is "Defendant breached its

legal duty to act with reasonable care when collecting consumer debts, leading to avoidable harm" and "[t]his conduct caused Plaintiff to suffer both financial losses and emotional hardship." ECF No. 3 ¶¶ 20–21. Defendant argues Plaintiff's ordinary negligence claim cannot survive because he does not—nor can he—allege that Defendant owed him a duty of care. ECF No. 4 ¶ 13. Plaintiff's response and sur-reply to the instant motion clarify that his negligence claim is a "negligence-based FDCPA derivative claim" and that the duty "to provide accurate validation information" arises under § 1692g of the FDCPA. ECF Nos. 8 at 3–4; [10] 10 at 3.

Here, Plaintiff fails to allege more than a conclusory statement that Defendant owed him a duty. ECF No. 4 ¶ 13. The only duty Plaintiff pleads is a "legal duty to act with reasonable care when collecting consumer debts." ECF No. 3 ¶ 20. Texas courts routinely dismiss negligence claims that fail to offer more than conclusory

---

[10] Some of Plaintiff's cited authorities in support of this argument do not appear to exist. The Court unsuccessfully exhausted efforts to locate these cases. Plaintiff is reminded of his obligations to this Court under Rule 11 of the Federal Rules of Civil Procedure, even though he proceeds *pro se*. *Hamilton v. Collier*, 711 F. Supp. 3d 676, 685 (S.D. Tex. 2024) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). "By presenting to the court a . . . written motion . . . an attorney *or unrepresented party* certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under circumstances the . . . legal contentions are warranted by *existing law*." FED. R. CIV. P. 11(b)(2) (emphases added). Providing these nonexistent citations wastes this Court's and counsel's time. Plaintiff is cautioned that Rule 11's obligations and consequences—up to an including stricken filings or monetary sanctions—apply to all who present writings to the Court, including those appearing *pro se*. *Fletcher v. Experian Info. Sols., Inc.*, No. 25-20086, 2026 WL 456842, at *5–6 (5th Cir. Feb. 18, 2026) (discussing the appropriateness of sanctions for "hallucinated" cases); *Vargas v. Salazar*, No. 4:23-CV-04267, 2024 WL 4804091, at *3 (S.D. Tex. Nov. 1, 2024) (noting that future presentation "of pleadings or motions that contain 'made up' citations" could subject the *pro se* plaintiff to sanctions), *adopted*, No. 4:23CV4267, 2024 WL 4804065 (S.D. Tex. Nov. 15, 2024).

statements about a duty of care defendants purportedly owed the plaintiff without authority supporting that such a duty exists. *See, e.g.*, *Williams v. Bryan of Ladera*, No. 4:22-CV-00057-SDJ-BD, 2024 WL 5098506, at *6–7 (E.D. Tex. Nov. 20, 2024) (recommending dismissal because the plaintiff "identifie[d] no precedent supporting a duty" to perform as alleged and the court was unaware of any such duty), *adopted*, No. 4:22-CV-00057-SDJ-BD, 2024 WL 5098049 (E.D. Tex. Dec. 12, 2024); *Davidson v. Heine*, No. 08-24-00035-CV, 2025 WL 1919336, at *8 (Tex. App.—El Paso July 11, 2025, pet. denied) (affirming dismissal of negligence claim where plaintiff alleged no more than defendants owed him a legal duty not to engage in the acts alleged) (citing *Vazquez v. Legend Nat. Gas III*, 492 S.W.3d 448, 452 (Tex. App.—San Antonio 2016, pet. denied)). The same deficiency exists here; Plaintiff's ordinary negligence claim fails. *Davidson*, 2025 WL 1919336, at *8. Therefore, any claim for gross or "willful" negligence also fails. *Castro*, 645 F. Supp. 3d at 652.

The Court alternatively considers Plaintiff's allegations as if he is bringing a claim for negligence *per se*. His clarified allegations appear to frame his negligence claim on only these propositions: Defendant violated § 1692g of the FDCPA, and that violation caused him financial and emotional injuries. *See* ECF Nos. 3 ¶¶ 20–21; 8 at 3–4; 10 at 3. In Texas, a negligence *per se* claim requires establishing: "(1) the statute or regulation at issue was intended to protect the class of persons and the type of injury in question; (2) a statutory or regulatory violation occurred; (3) the

violation was without legal justification or excuse; and (4) the violation proximately caused the injury." *Sisley v. Rowland Truck Lines*, No. 3:23-CV-299, 2025 WL 3050065, at *3 (S.D. Tex. Aug. 5, 2025) (citing *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 549 (Tex. 1985)).

This theory fails, too. Several courts considering whether to extend negligence *per se* liability under state law for alleged FDCPA violations—including of § 1692g—have declined to do so. *See, e.g.*, *Bruce v. Nationstar Mortg.*, No. 3:13-CV-3019-M-BH, 2015 WL 728028, at *4 (N.D. Tex. Feb. 19, 2015) (quoting *Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 594 (W.D. Tex. 2002) (citing *Johnson v. Sawyer*, 47 F.3d 716, 728–29 (5th Cir. 1995) (en banc))); *Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-0429-G BH, 2013 WL 4441979, at *9–10 (N.D. Tex. Aug. 20, 2013) (same); *see also Korth v. Credit Control, LLC*, No. 4:23-CV-831-RWS, 2023 WL 6582001, at *3 (E.D. Mo. Oct. 10, 2023) (collecting cases). *Bruce* noted that "courts are 'not required to find negligence *per se* from a violation of a federal statute, particularly where the violation would not give rise to liability under state common law.'" 2015 WL 728028, at *4 (quoting *Hackett*, 246 F. Supp. 2d at 594); *Thompson*, 2013 WL 4441979, at *9 (same). And where a plaintiff fails to "identif[y] a specific 'duty' to validate a debt under Texas law that is 'analogous' to" the statutory provision under which they seek negligence *per se* redress, that is fatal to their negligence *per se* claim. *Bruce*, 2015 WL 728028,

25

at *4. The same is true of a plaintiff's failure to provide any reasons for applying the negligence *per se* doctrine to FDCPA violations. *Id.* (citing *Jackson v. Tae Jin Kim*, No. 2:02-CV-200, 2004 WL 6040969, at *3 (E.D. Tex. Sept. 27, 2004)).

Here, Plaintiff provides no analogous duty under Texas law, nor can the Court identify one. Plaintiff similarly provides no basis for extending the negligence *per se* doctrine to the FDCPA. Any negligence *per se* claim therefore fails.

Therefore, Defendant's motion to dismiss Plaintiff's willful negligence claim should be granted.

## IV.   PLAINTIFF IS GRANTED PARTIAL LEAVE TO AMEND HIS COMPLAINT.

In his response, Plaintiff requests the Court "grant leave to amend should the Court find any claim insufficiently pled." ECF No. 8 at 4. His sur-reply requests leave to file a second amended complaint, indicating it would "incorporat[e] bond-violation allegations; clarified negligence duty; and corrected citation." ECF No. 10 at 4. Defendant argues Plaintiff should not be allowed to amend futile claims. ECF No. 4 at 7.

District courts generally should not dismiss *pro se* complaints under Rule 12(b)(6) without first giving the *pro se* plaintiff the chance to amend, except where it is obvious that the plaintiff has pled his best case. *Ricks v. Khan*, 135 F.4th 296, 300–01 (5th Cir. 2025). "A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint," such as by a motion to dismiss.

26

*Neuens v. Tulino*, No. 24-40747, 2025 WL 1445315, at *2 (5th Cir. May 20, 2025) (quoting *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (quoting *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008))) (affirming dismissal with prejudice of *pro se* plaintiff's complaint because the plaintiff failed to provide factual allegations that "would remedy his pleading deficiencies"). And "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Samtani v. City of Laredo*, No. 5:22-CV-076, 2024 WL 1559741, at *16 (S.D. Tex. Apr. 10, 2024) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).

Leave to amend should be denied where amendment would be futile. *Id.*; *see also Smith v. Tex. Capital Loans, LLC*, No. 4:24-CV-2757, 2025 WL 1914784, at *9 (S.D. Tex. May 20, 2025) (citing *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010)), *adopted*, No. 4:24-CV-02757, 2025 WL 1793152 (S.D. Tex. June 30, 2025). Amendment is futile where an amended complaint would still fail to state a claim upon which relief could be granted. *Smith*, 2025 WL 1914784, at *9 (citing *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, No. 4:21-CV-00011, 2021 WL 3190508, at *3 (E.D. Tex. July 28, 2021)).

Here, Plaintiff has been apprised of the insufficiency of his complaint by the

pending motion to dismiss. *Neuens*, 2025 WL 1445315, at *2. His request for leave to amend his complaint is no more than an insufficient "bare request" for the same. *Samtani*, 2024 WL 1559741, at *16; ECF Nos. 8 at 4; 10 at 4.

As to his FDCPA claim, Plaintiff does not offer "any indication of the particular grounds" on which he seeks leave to amend. *Samtani*, 2024 WL 1559741, at *16. Such a bare request is insufficient grounds to grant Plaintiff what would be leave to make a fourth attempt at pleading the required elements of an FDCPA claim. *Id.* However, the details provided in his response and sur-reply to the instant motion to dismiss give the Court reason to believe Plaintiff can amend his complaint sufficiently to make a *prima facie* showing of an FDCPA violation by providing details as to the nature of the underlying debt. The Court therefore grants Plaintiff leave to amend his *prima facie* FDCPA claim, subject to the adoption of this Report and Recommendation. However, the Court denies leave to amend his § 1692d claim, because nothing he has provided to the Court gives reason to believe amendment would not be futile.

Amendment of his state law claims would be futile. Based on the pleadings and briefing, it is not apparent that Plaintiff can cure the defects identified above. *Bishara Dental, P.L.L.C. v. Morris, Lendais, Hollrah & Snowden P.L.L.C.*, No. 21-20418, 2023 WL 2401586 (5th Cir. Mar. 8, 2023) (affirming dismissal of DTPA claim brought against debt collector because plaintiff failed to "identif[y] any

specific 'goods or services' that [he] sought or acquired" from the debt collector defendant) (citing *Burton v. Prince*, 577 S.W.3d 280, 291 (Tex. App.—Houston [14th Dist.] 2019, no pet.)); *Gongora Hinestroza*, 2025 WL 1588349, at *9–10 (dismissing an emotional distress claim because the gravamen of the plaintiff's complaint fell within other torts). As to his negligence claim, Plaintiff's proposed amendment would be to clarify the negligence duty that he has clearly posited and repeatedly stated arises from Defendant's violation of the FDCPA itself; in other words, a negligence *per se* claim. ECF No. 10 at 4; *Sisley*, 2025 WL 3050065, at *3; *see* ECF Nos. 3 ¶¶ 20–21; 8 at 3–4. An FDCPA violation-based negligence *per se* claim does not survive in the Fifth Circuit, so amendment is futile. *Bruce*, 2015 WL 728028, at *4; *Thompson*, 2013 WL 4441979, at *9. The Court therefore denies Plaintiff leave to amend his DPTA, emotional distress, and negligence claims.

For these reasons, granting Plaintiff leave to file what would be the equivalent of a fourth amended pleading would be futile as to his state law claims.[11] Therefore, the Court grants Plaintiff leave to amend only his FDCPA complaint, subject to the adoption of this Report and Recommendation. *See Samtani*, 2024 WL 1559741, at *16.

---

[11] Plaintiff filed his original state court petition on April 3, 2025. ECF No. 1-4 at 2–8. He then filed an amended state court petition on April 26, 2025. *Id.* at 13–19. After this case was removed to federal court, he filed the operative complaint on May 20, 2025, styled "First Amended Complaint," even though it is his second amendment to his pleadings. ECF No. 3.

## V.     CONCLUSION

Based on the above, the Court **RECOMMENDS GRANTING, in part**, Defendant's motion to dismiss on Plaintiff's state law claims for DTPA violation, intentional infliction of emotional distress, and negligence as well as his FDCPA claim arising under 15 U.S.C. § 1692d. ECF No. 4. Plaintiff's FDCPA claims under §§ 1692e(10)–(11), and 1692g remain.

Further, subject to the adoption of this Report and Recommendation, Plaintiff's motion for leave to amend his complaint is **GRANTED**, but only with respect to his FDCPA claim. ECF No. 8. Any amendment must be filed within thirty days of the adoption of this Report and Recommendation, if adopted.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

    **IT IS SO ORDERED.**

Signed at Houston, Texas, on February 23, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**

30